IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

WASEEM DAKER,

       Plaintiff,

VS.

       CASE NO.: 5:17-CV-25-CAR-MSH

TIMOTHY WARD, *et al.*,

       Defendants.

_____

## ORDER

Presently pending before the Court is *pro se* Plaintiff Waseem Daker's motion for leave to appeal *in forma pauperis* (ECF No. 20) from the Court's July 18, 2017 Order dismissing Plaintiff's Complaint without prejudice. For the following reasons, the Court **DENIES** Plaintiff's motion to appeal *in forma pauperis*.

Pursuant to 28 U.S.C. § 1915(a)(1), a court may authorize an appeal of a civil action or proceeding without prepayment of fees or security therefor if the putative appellant has filed "an affidavit that includes a statement of all assets" and "state[s] the nature of the . . . appeal and [the] affiant's belief that the person is entitled to redress."[1] If the trial court certifies in writing that the appeal is not taken in good faith, however, such

---

[1] Federal Rule of Appellate Procedure 24 similarly requires a party seeking leave to appeal *in forma pauperis* to file a motion and affidavit that establishes the party's inability to pay fees and costs, the party's belief that he is entitled to redress, and a statement of the issues which the party intends to present on appeal. Fed. R. App. P. 24(a).

appeal may not be taken *in forma pauperis*. 28 U.S.C. § 1915(a)(3).[2]  "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id.*; *see also Morris v. Ross*, 663 F.2d 1032, 1033 (11th Cir. 1981). An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). "Arguable means being capable of being convincingly

---

[2] The Court notes that the "three strikes" provision of the Prison Litigation Reform Act ("PLRA") also prohibits a prisoner from "appeal[ing] a judgment in a civil action or proceeding" *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Plaintiff has had more than three of his cases or appeals dismissed on the statutorily-enumerated grounds prior to filing his notice of appeal in this case: *Daker v. Mokwa*, Order Denying Leave to Proceed IFP, ECF No. 2 in Case No. 2:14-cv-00395-UA-MRW (C.D. Cal. Feb. 4, 2014) (denying leave to proceed *in forma pauperis* and dismissing case after conducting screening under 28 U.S.C. § 1915(e)(2)(B) and finding claims were frivolous and failed to state a claim upon which relief may be granted); *Daker v. Warren*, Order Dismissing Appeal, Case No. 13-11630 (11th Cir. Mar. 4, 2014) (three-judge panel dismissal of appeal on grounds that appeal was frivolous); Order Dismissing Appeal, *Daker v. Warden*, Case No. 15-13148 (11th Cir. May 26, 2016) (three-judge panel dismissing appeal as frivolous); Order Dismissing Appeal, *Daker v. Commissioner*, Case No. 15-11266 (11th Cir. Oct. 7, 2016) (three-judge panel dismissing appeal as frivolous); Order Dismissing Appeal, *Daker v. Ferrero*, Case No. 15-13176 (11th Cir. Nov. 3, 2016) (three-judge panel dismissing appeal as frivolous); Order Dismissing Appeal, *Daker v. Governor*, Case No. 15-13179 (11th Cir. Dec. 19, 2016) (three-judge panel dismissing appeal as frivolous). Plaintiff has therefore accrued more than three "strikes" for purposes of § 1915(g), and he is thus precluded from proceeding *in forma pauperis* on appeal unless he is presently in imminent danger of serious physical injury. In light of the Court's finding that Plaintiff's appeal is not taken in good faith, however, the Court finds it unnecessary to address whether Plaintiff has demonstrated that he falls within § 1915(g)'s imminent danger exception.

argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Although Plaintiff has not submitted a statement of the issues he intends to appeal in his motion to proceed *in forma pauperis*, as is required under Fed. R. App. P. 24(a)(1)(C), this Court's independent review of the issues addressed in the Court's July 18, 2017 Order demonstrates that Plaintiff's appeal is frivolous. *See Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) (explaining that the arguments to be advanced on appeal are often obvious and decisions regarding good faith can be made by looking at the "reasoning in the ruling sought to be appealed" instead of requiring a statement from the plaintiff). The appeal, therefore, is not brought in good faith. Plaintiff has raised no issues with arguable merit.

Consequently, Plaintiff's application to appeal *in forma pauperis* (ECF No. 20) is **DENIED.** If Plaintiff wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee. Because Plaintiff has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b). Pursuant to section 1915(b), the prison account custodian where Plaintiff is confined shall

cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full. Checks should be made payable to "Clerk, U.S. District Court." The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the prison in which Plaintiff is incarcerated.

**SO ORDERED**, this 17th day of August, 2017.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT