# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| WASEEM DAKER, | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | No. 5:17-CV-25 (CAR) |
| | : | |
| GREGORY DOZIER, *et al.*, | : | |
| Defendants. | : | |

## ORDER ON PLAINTIFF'S MOTION TO VACATE

Before the Court is yet another of *pro se* Plaintiff Waseem Daker's motions for this Court to reconsider its Order and vacate its Judgment dismissing his case. Plaintiff is, to say the least, a promiscuous filer, having filed well over 1,000 motions in more than 150 civil cases and appeals in the Middle District of Georgia, Northern District of Georgia, Southern District of Georgia, Central District of California, District of Columbia, the Eleventh Circuit Court of Appeals, the Ninth Circuit Court of Appeals, and the Second Circuit Court of Appeals. In this district alone, Daker has filed 10 civil cases,[1] has moved to intervene in six civil lawsuits,[2] and has filed well over 250 motions. In those cases filed in this district,

---

[1] *Daker v. Donald*, Case No. 5:04-cv-337; *Daker v. Donald*, Case No. 5:04-cv-392; *Daker v. Georgia Dep't of Corr.*, Case No. 5:05-cv-205; *Daker v. Owens*, Case No. 5:12-cv-459; *Daker v. Humphrey,* Case No. 5:12-cv-461; *Daker v. Head*, Case No. 5:14-cv-138; *Daker v. Bryson*, Case No. 5:15-cv-88; *Daker v. Bryson*, Case No. 5:16-cv-538; *Daker v. Bryson*, Case No. 5:17-cv-25; *Daker v. Dozier*, Case No. 5:17-cv-25.
[2] *Smith v. Owens*, Case No. 5:12-cv-26; *Gumm v. Jacobs*, Case No. 5:15-cv-41; *Nolley v. Nelson*, Case No. 5:15-cv-75; *Nolley v. McLaughlin*, Case No. 5:15-cv-149; *Upshaw v. McLaughlin*, Case No. 5:15-cv-395; *Sterling v. Sellers*, Case No. 5:16-cv-13.

Daker routinely moves the Court to reconsider its Orders and vacate its Judgments, having filed more than 20 such motions.

In the Motion to Vacate currently at bar, Daker moves this Court pursuant to Federal Rule of Civil Procedure 59(e) to reconsider its Order dismissing his case and denying his various motions for injunctive relief, and to vacate the Judgment. Yet again, however, Daker fails to provide proper grounds for such relief. Reconsideration of a previous order is an extraordinary remedy and should be employed sparingly.[3] Reconsideration is justified when (1) there has been an intervening change in the law; (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered; or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice.[4]

Although Daker's *pro se* filings must be generously construed,[5] his Rule 59(e) Motion cannot "serve as a vehicle to relitigate old matters or present the case under a new legal theory ... [or] to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment."[6] Rather, a motion for reconsideration "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the

---

[3] *Region 8 Forest Servs. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805-06 (11th Cir. 1993).
[4] *Richards v. United States*, 67 F. Supp. 2d 1321, 1322 (M.D. Ala. 1999); *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).
[5] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[6] *Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir. 2000) (internal quotation and citations omitted).

court to reverse its prior decision."⁷ In his Motion, Daker merely re-asserts the same arguments and evidence this Court previously considered in its original ruling. His allegations of the need to correct clear error of law and the need to prevent manifest injustice are merely conclusory statements. Daker's Motion is without merit, and reconsideration of the Court's previous Order would be inappropriate.

Daker has abused the judicial process through the repeated filings of these motions, blatantly disregarding this Court's Local Rule providing that "[m]otions for reconsideration shall not be filed as a matter of routine practice."⁸ These motions, like his various other post-judgment motions, serve only to unnecessarily prolong litigation in this Court, and the Court will not allow Daker's pattern of abuse of the judicial process to continue. Although the Court must give substantial weight to a prisoner's right of access to the Courts,⁹ that right "is neither absolute nor unconditional."¹⁰ Although courts may not construct blanket orders that completely shut the courthouse doors to the overly litigious, they may erect reasonable barriers that protect their Article III duties.¹¹

---

⁷ *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).
⁸ L.R. 7.6, MDGA.
⁹ *Procup v. Strickland*, 792 F.2d 1069, 1072 (11th Cir. 1986) (per curiam); *see also Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008).
¹⁰ *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 517 (11th Cir. 1191) (internal quotation marks and citation omitted).
¹¹ *Miller*, 541 F.3d at 1096-97.

Once again, Daker is reminded that this Court's Local Rules prohibit the filing of motions for reconsideration as a matter of routine practice. If Daker continues to seek reconsideration of the Court's orders, the Court will impose appropriate sanctions.

**CONCLUSION**

In accordance with the foregoing, Plaintiff's Motion to Vacate [Doc. 26] is hereby **DENIED**.

**SO ORDERED,** this 24th day of October, 2017.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT