IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **WASEEM DAKER,**<br><br>*Plaintiff*,<br><br>v.<br><br>**TIMOTHY WARD,** *et al.*,<br><br>*Defendants*. | **CIVIL ACTION NO.**<br>**5:17-cv-00025-TES-MSH** |

**ORDER**

Before the Court is Plaintiff Waseem Daker's Motion for Relief from Judgment [Doc. 45]. In that Motion, he seeks relief from the Court's Order [Doc. 17] and Judgment [Doc. 18] denying him leave to proceed *in forma pauperis* and dismissing his Complaint [Doc. 1-1] without prejudice. Plaintiff contends he is entitled to this relief pursuant to Federal Rules of Civil Procedure 60(b)(2) and 60(b)(6). As discussed below, Plaintiff's Motion for Relief from Judgment [Doc. 45] is **DENIED.**

### I.   Background and Procedural History

More than four years ago, the Eleventh Circuit Court of Appeals described Plaintiff as a "state prisoner and a serial litigator" who had "submitted over a thousand *pro se* filings in over a hundred actions and appeals in at least nine different federal courts." *Daker v. Comm'r, Ga. Dep't Corrs.*, 820 F.3d 1278, 1281 (11th Cir. 2016). More recently, that court noted Plaintiff's ability to "wreak[] havoc wherever he goes" by

"flooding" the courts "with numerous disputes" that have "not made it easy for the district court to reach the merits of his claims." *Daker v. Toole*, 736 F. App'x 234, 235 (11th Cir. 2018) (per curiam). Plaintiff has now filed more than 250 federal cases or appeals, and his penchant for "wreaking havoc" with the judiciary's resources has continued largely unabated.

Plaintiff submitted the above-captioned Complaint on January 16, 2017. [Doc. 1-1, p. 30]. In his Complaint, Plaintiff, who is a practicing Muslim, contends that (1) the Georgia Department of Corrections' ("GDC") policy limiting inmates' beard length violates his constitutional rights and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq.*; (2) the GDC's policy or custom of forcibly shaving inmates who do not comply with this grooming policy violates his constitutional rights and RLUIPA; and (3) the GDC's policy or custom of forcing inmates to shave with improperly sanitized and/or damaged clippers violates his constitutional rights. [*Id.* at p. 25]. Plaintiff also contends that he was improperly placed and retained in Tier II segregation, that the conditions of his confinement on Tier II violate his constitutional rights and RLUIPA, and that he was not receiving adequate medical care on Tier II. [*Id.* at pp. 25–26]. Plaintiff moved to proceed *in forma pauperis* in this action. [Doc. 2].

On July 18, 2017, the Court found that Plaintiff had brought more than three actions or appeals that had been dismissed as frivolous, malicious, or for failing to state

a claim, and thus he was not permitted to proceed *in forma pauperis* unless he was in "imminent danger of serious physical injury" pursuant to the three-strikes provision of 28 U.S.C. § 1915(g). [Doc. 17, p. 6]. The Court then addressed each of Plaintiff's allegations of "imminent danger" and found that Plaintiff failed to allege facts sufficient to invoke the § 1915(g) exception. [*Id.* at pp. 10–14]. The Court thus concluded that Plaintiff's Complaint should be dismissed without prejudice pursuant to § 1915(g). Alternatively, the Court determined that Plaintiff's claims could be dismissed pursuant to 28 U.S.C. § 1915A as duplicative, malicious, and/or abusive after expressly finding that Plaintiff had "knowingly brought claims that were essentially the same as those he was already actively litigating in not one, but two other cases before this Court." [*Id.* at p. 9]. The Court further found Plaintiff had attempted to avoid the three-strikes bar by intentionally mis-joining claims and dismissed those claims not only for misjoinder, but also as malicious, duplicative, and abusive. [*Id.* at p. 14].

Plaintiff submitted his Notice of Appeal [Doc. 19] of the Order and Judgment on July 23, 2017, and a Motion to Vacate [Doc. 26] on August 13, 2017. The Court denied Plaintiff's Motion to Vacate on October 24, 2017. [Doc. 28]. Plaintiff submitted another Notice of Appeal [Doc. 32] on November 23, 2017, this time, appealing the denial of his Motion to Vacate.

On January 16, 2019, the Eleventh Circuit Court of Appeals denied Plaintiff's motion for leave to appeal *in forma pauperis* after finding that Plaintiff's allegations of

imminent danger were mooted by his transfers to other prisons. [Doc. 38, p. 3]. The Eleventh Circuit Court of Appeals subsequently denied reconsideration of that single-judge order [Doc. 39], and on May 13, 2019, it dismissed Plaintiff's appeal because he failed to pay the appellate filing fee. [Doc. 40]. However, Plaintiff paid the filing fee on May 28, 2019, and the Eleventh Circuit Court of Appeals granted Plaintiff's motion to reinstate his appeal on June 21, 2019. [Doc. 41]; [Doc. 43]. Plaintiff filed the pending Rule 60 Motion on April 27, 2020. *See* [Doc. 45].

**II.    Discussion**

A.    <u>Preliminary Matters</u>

Before turning to the merits of Plaintiff's Motion, the Court must clarify the basis for it and address the Court's jurisdiction to decide this matter. Plaintiff's reopened appeal in this case is still pending, and "[a]s a general matter, the filing of a notice of appeal deprives the district court of jurisdiction over all issues involved in the appeal." *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003). However, district courts retain jurisdiction to take action "in furtherance of the appeal" and to "entertain[] motions on matters collateral to those at issue on appeal." *Id.* In this case, while the Court would "not possess jurisdiction to grant a Rule 60(b) motion," it may "entertain and deny a Rule 60(b) motion" because such denial is "in furtherance of the appeal." *Id.* at 1179–1180. The Court therefore has jurisdiction to enter this Order.

The Court also notes that Plaintiff's Motion cites to both Federal Rules of Civil

Procedure 60(b)(2) and 60(b)(6). *See, e.g.*, [Doc. 45, pp. 17–18]. Rule 60(b)(2) provides that relief from a final judgment or order may be granted on the basis of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)[.]" A motion under this rule, however, must be made "no more than a year after the entry of the judgment or order" from which relief is sought. Fed. R. Civ. P. 60(c)(1). As noted above, the final judgment and order in this case was issued in 2017. To the extent Plaintiff bases his Motion on Rule 60(b)(2), it is time-barred.[1]

      B.     Plaintiff's Motion

Plaintiff seeks relief pursuant to Federal Rule of Civil Procedure 60(b)(6). A Rule 60(b)(6) motion must be made "within a reasonable time" and is not subject to the one-year limitation that applies to motions made pursuant to Rules 60(b)(1), (2), and (3). Fed. R. Civ. P. 60(c)(1). Although relief pursuant to Rule 60(b)(6) can be granted for "any other reason justifying relief from the operation of the judgment" such relief "is intended 'only for extraordinary circumstances.'" *Olmstead v. Humana, Inc.*, 154 F. App'x 800, 805 (11th Cir. 2005) (per curiam) (citing *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000)). Plaintiff is therefore required to "demonstrate a justification

---

[1] Although Plaintiff refers to an order and judgment entered on "April 9, 2019" and "May 1, 2019" in this case, [Doc. 45, pp. 20–21], no such documents exist in this case. The Court presumes Plaintiff intended to refer to the July 18, 2017 Order and July 19, 2017 Judgment entered in this case instead. *See* [Doc. 17]; [Doc. 18].

for relief so compelling that the district court was *required* to grant [the] motion." *Rice v. Ford Motor Co.*, 88 F.3d 914, 919 (11th Cir. 1996). Plaintiff has failed to meet this burden.

As noted above, the Court dismissed this action pursuant to the three-strikes provision of 28 U.S.C. § 1915(g). Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous, malicious, or fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999). Once a prisoner incurs three strikes, the district court may not permit him to proceed *in forma pauperis* unless the prisoner is under imminent danger of serious physical injury at the time he files the complaint. *Id.* If the district court denies leave to proceed *in forma pauperis* after finding the prisoner is not in imminent danger, it must also dismiss the complaint without prejudice to the prisoner re-filing his complaint with the appropriate filing fee. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam).

A prisoner who wishes to appeal *in forma pauperis* must first apply to the district court for leave to do so. Fed. R. App. P. 24(a)(1). If the district court denies the prisoner's motion, the prisoner may then file a motion for leave to appeal *in forma pauperis* in the court of appeals. Fed. R. App. P. 24(a)(5). The court of appeals will then conduct its own analysis of whether the prisoner should be permitted to proceed without prepayment of the appellate filing fee. *See* 28 U.S.C. § 1915(g); *see also Pinson v.*

*U.S. Dep't of Justice*, 964 F.3d 65, 69 (D.C. Cir. 2020) (holding that prisoners "must show that they faced imminent danger when they noticed their appeals[]").

In this case, Plaintiff's Rule 60 Motion is based on an Eleventh Circuit judge's order granting Plaintiff leave to appeal *in forma pauperis* in an entirely separate (though factually similar) case, *Daker v. Comm'r*, No. 19-11849-AA (11th Cir. Mar. 27, 2020) ("*Daker II*"). [Doc. 45, p. 17]. Plaintiff claims that the Eleventh Circuit's finding that he was in imminent danger at the time he filed his appeal in *Daker II*, coupled with Defendants' continued use of force to shave Plaintiff against his will, establish that Plaintiff was in imminent danger at the time he filed his Complaint in this case. Plaintiff thus asserts that the Court should not have dismissed his Complaint pursuant to § 1915(g) and should indicate to the Eleventh Circuit Court of Appeals that his Rule 60 motion is meritorious and would be granted if the case were remanded. [Doc. 45, pp. 19–21]; *see also Mahone*, 326 F.3d at 1179–1180 (holding that a "district court presented with a Rule 60(b) motion after a notice of appeal has been filed should consider the motion and assess its merits[,]" and if the district court indicates that the arguments raised in the motion are meritorious, "the movant may then petition the court of appeals to remand the matter so as to confer jurisdiction on the district court to grant the motion[]").

Plaintiff's request for Rule 60 relief fails for at least two reasons. First, the fact that the Eleventh Circuit, in 2020, found that Plaintiff was in imminent danger when he

filed his appeal in *Daker II* does not mean that the Court erred when it found that Plaintiff was *not* in imminent danger when he filed his Complaint in this case in 2017. As previously noted, a prisoner "must make the imminent-danger showing at two separate points in the litigation, upon 'bring[ing] a civil action' and upon 'appeal[ing] a judgment[.]'" *Pinson*, 964 F.3d at 69 (quoting 28 U.S.C. § 1915(g)). Section 1915(g) thus requires the court of appeals to independently assess whether a prisoner is in imminent danger at the time the prisoner's appeal is filed, given the facts presented to it at that time. *Id.* (holding that "the conditions prisoners faced at the time of noticing their appeals determine their eligibility to proceed under the [§ 1915(g)] exception[]"). It is therefore entirely unclear how the court of appeals' evaluation of the conditions Plaintiff was facing earlier this year has any bearing on this Court's evaluation of the conditions Plaintiff was facing three years ago. *See id.* (declining to consider prisoner's allegations of imminent danger that occurred "several months before or several months after she took her appeal[]"). Even assuming *arguendo* that the conditions Plaintiff faced in 2017 are relevant to show a continuing practice that placed Plaintiff in imminent danger in 2020, the converse of that assumption is not necessarily true. And in any event, because the Eleventh Circuit's 2020 Order did not specifically mention the facts on which it relied in concluding that Plaintiff was entitled to the "imminent danger" exception, there is simply no way to use that later Order to support Plaintiff's contention that the Court's earlier Order, in this case, was wrong.

Second—and perhaps more importantly—even if the Eleventh Circuit's Order in *Daker II* was enough to persuade the Court that this case should not have been dismissed pursuant to § 1915(g), Plaintiff ignores the fact that § 1915(g) was not the only basis for the dismissal of this action. The Court also found that (1) Plaintiff's claims should be dismissed as duplicative; (2) Plaintiff's claims should be dismissed as "malicious and abusive"; (3) some of Plaintiff's claims were mis-joined and could be dismissed as such; and (4) Plaintiff mis-joined those claims intentionally and in bad faith, also warranting dismissal of those claims as "a malicious abuse of the judicial process." [Doc. 17, pp. 9–10, 14]. Because Plaintiff does not address the remaining bases for dismissal, Plaintiff is not entitled to the relief he seeks.

### III. Conclusion

Plaintiff is not without recourse in this case. Both this Court and the Eleventh Circuit Court of Appeals have considered his allegations of imminent danger multiple times in this action, and Plaintiff's appeal is still pending. At best, then, Plaintiff's motion is a misguided attempt to get another bite at the apple; at worst, it is yet another example of his bad-faith efforts to waste judicial resources and frustrate the orderly disposition of his claims. Either way, Plaintiff has failed to demonstrate a compelling reason that would require the Court to grant the relief he seeks, and his Rule 60(b) Motion for Relief from Judgment [Doc. 45] is **DENIED.**

**SO ORDERED**, this 16th day of September, 2020.

                                             S/ Tilman E. Self, III
                                             **TILMAN E. SELF, III, JUDGE**
                                             **UNITED STATES DISTRICT COURT**